```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Alex Luna

    v.                                           Case No. 17-cv-510-PB

Warden, FCI-Berlin


**REPORT AND RECOMMENDATION**

Alex Luna, a federal prisoner housed at the Federal Correctional Institution in Berlin, New Hampshire, following a 2006 conviction in the United States District Court for the District of Connecticut, has petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See Doc. No. 1. The petition challenges the Bureau of Prisons' ("BOP") decision denying him credit for time Luna was incarcerated by the State of Connecticut between 1998 and 2002.  Respondent has moved to dismiss the petition, Doc. No. 9, to which petitioner has responded.  See Doc. No. 14.  Respondent's motion has been referred to the magistrate judge for a report and recommendation.  See LR 72.1.  For the reasons that follow, the district judge should grant the motion.

**Motion to Dismiss Standard**

Respondent moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  The court therefore accepts the factual allegations in the complaint as true, construes reasonable inferences in

petitioner's favor, and determines whether the factual allegations in the complaint state a claim upon which relief may be granted.  Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014).  Under Rule 12(b)(6) the court may consider "facts and documents that are part of or incorporated into the complaint," as well as "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice."  Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (citations omitted).  As petitioner is proceeding pro se, his pleadings are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

Luna pleaded guilty in 2006 to drug and weapons charges in the District of Connecticut and was sentenced to thirty years' incarceration.  The indictment in his case noted that the drug conspiracy at the heart the charges began in or about December 2002.  He was arrested on the federal charges in March 2005. Luna had previously been incarcerated in Connecticut after state drug and assault convictions in September 1998.  He was released from state incarceration to supervised parole in March 2002 and discharged from parole in September 2002.  In 2016, BOP denied Luna's request for federal sentencing credit for the time he served in state custody.

After exhausting his administrative appeals, Luna petitioned this court for relief. His petition asserts that the BOP should include the four years he served on the Connecticut state charges both in its calculation of the time he is serving and its calculation of good-time credit.

## Discussion

The Attorney General, through the BOP, has the responsibility to administer federal sentences, United States v. Wilson, 503 U.S. 329, 331, 335 (1992), and the exclusive authority "to determine when to give a defendant credit against a sentence for time he has served." United States v. Jones, 34 F.3d 495, 499 (7th Cir. 1994) (citing Wilson, 503 U.S. at 335 and Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993)).

Pursuant to 28 U.S.C. § 2241(c)(3), a federal inmate may challenge the execution of his sentence that is allegedly in violation of the Constitution, laws, or treaties of the United States. See Francis v. Maloney, 798 F.3d 33, 36 (1st Cir. 2015) (quoting 28 U.S.C. § 2241(c)(3)) (citation omitted). Such a petition can challenge the "manner, location, or condition of a sentence's execution." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (citations omitted). This includes the "computation of a prisoner's sentence by prison officials."

Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) (citing Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997)).

Luna asserts that sections 5G1.3 and 5K2.23 of the United States Sentencing Guidelines entitle him to a downward departure in his sentence because his federal incarceration "resulted from another offense that is relevant conduct . . . to the offense of conviction." Doc. No. 1 at 9 (quoting U.S.S.G. § 5G1.3(b). Even assuming for the sake of argument – as the respondent does - that the conduct underlying his 1998 Connecticut convictions is relevant to federal offenses that began in December 2002, Luna's argument nevertheless fails.[1]

In the first instance, to the extent Luna claims that the district court, rather than the BOP, committed a sentencing error, such a claim is not appropriate for a § 2241 petition. See Prescod v. Schuykill, 630 F. App'x 144, 147 (3d Cir. 2015). Petitions that attack the validity, rather than the execution, of a sentence, generally must be presented to the sentencing court pursuant to 28 U.S.C. § 2255. United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999).

---

[1] The presentence report prepared before Luna's federal sentencing, Doc. No. 10, casts considerable doubt on whether the earlier conduct is relevant to Luna's federal conviction. The court, however, accepts the petitioner's assertion, for purposes of this motion, and need not resolve the issue.

Next, as the First Circuit Court of Appeals has observed, "[a] defendant's eligibility for [relief under § 5G.1.3(b)] is derivative of his eligibility for a concurrent sentence" under 18 U.S.C. § 3584.  United States v. Ramirez, 252 F.3d 516, 519 (1st Cir. 2001).  That section delineates only two categories of defendants who qualify for a concurrent sentence: those subject to "multiple terms of imprisonment . . . imposed . . . at the same time," and those who are "already subject to an undischarged term of imprisonment."  Neither of these provisions applies to Luna.  Nothing in the statute authorizes the court to apply § 3584 to a third category of defendants, those who have previously served sentences, now completed, for related crimes.[2]  See United States v. Lucas, 745 F.3d 626, 630 (2d Cir. 2014) (noting that federal courts lack the authority to order that a sentence run concurrently with a sentence which has been completely discharged); see also United States v. Tetty-Mensah, 665 F. App'x 687, 690 (10th Cir. 2016) (finding that U.S.S.G. §§ 5G1.3(b) and 5K2.23 do not vest district court with jurisdiction to lower a sentence).

---

[2]To the extent the statute might apply to the consideration of periods of incarceration that do not overlap with the federal sentence being imposed, section 3584(a) explicitly commands that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

Against this factual and legal backdrop, the court finds that Luna has failed to state a claim upon which relief may be granted. To the extent he asserts that the sentencing court erred in its Guideline calculation, such a claim is not properly brought under § 2241. Nor is he entitled to relief under 18 U.S.C. § 3584, as that statute does not apply to a defendant who has already completed his sentence for related crimes. Construing his complaint liberally, and accepting all facts alleged therein as true, Luna's argument that the BOP has miscalculated his sentence and failed to award him good-time credits for a Connecticut state sentence he completed before federal charges were lodged against him is without legal support. The district judge should, therefore, grant respondent's motion to dismiss (Doc. No. 9) and direct that judgment should be entered in the respondent's favor.

## Conclusion

For the reasons stated herein, the district judge should grant respondent's motion to dismiss (Doc. No. 9), close this case, and direct entry of judgment in this matter. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day objection period may be extended upon motion. Failure to

file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                   _/s/ Andrea K. Johnstone_
                                                   Andrea K. Johnstone
                                                   United States Magistrate Judge

February 1, 2019

cc:  Alex Luna, pro se
     Seth R. Aframe, Esq.

7